*1001 OPINION.
Phillips :
The Commissioner has moved to dismiss the appeal, so far as it relates to 1919, for want of jurisdiction in the Board to hear and determine the proceeding. The Commissioner has determined no deficiency for that year. He has denied the petitioner’s claim for refund and permitted the tax liability to remain as shown on the return filed. In such circumstances we have no jurisdiction of the proceeding, under the Revenue Act of 1926, whatever may have been the situation under the Revenue Act of 1924. Section 274 (g) of the Revenue Act of 1926; Appeal of R. P. Hazzard Co., 4 B. T. A. 150; Appeal of Cornelius Cotton Mills, 4 B. T. A. 255. The proceeding will be dismissed as to that year.
It is the contention of the petitioner that the indebtedness of Yon Greuber was ascertained to be worthless in 1919, in which year the treaty of Versailles was executed, imposing heavy burdens upon Germany and German industries. He had learned in 1915 and 1917 that has debtor was in financial difficulties but at the time the treaty was signed had no more definite .knowledge of the financial condition of his debtor than in 1917 when he was advised that if he could not advance $20,000, the business of Von Greuber, which was heavily indebted, could not survive. What had happened in the meantime was to him only a matter of conjecture. Shortly after the treaty was signed he wrote Von Greuber and learned that although he was a prisoner of war, his business was still being carried on, although it was doubtful how much longer it could survive. No further investigation was made to determine the' precise financial condition of the debtor. We do not conceive that in such circumstances it can be said that the debt was ascertained to be worthless in that year within the meaning of the Revenue Act.
While the debt is to be deducted in the year in which the taxpayer ascertains its -worthlessness, and some discretion must be given him *1002 to act within sound business judgment, it is our opinion that the information in his possession in 1919 was insufficient upon which to ascertain either worth or worthlessness. In 1920, however, petitioner learned that Yon Greuber’s plant had been sold under foreclosure, that his property had been taken to pay his debts, and that he was earning a precarious living in engineering. This constituted sufficient information of the situation of his debtor upon which to act. We have accordingly reached the conclusion that it was in 1920 that the debt was ascertained to be worthless.
The statute, however, requires that the debts shall not only be ascertained to be worthless, but that they shall be “ charged oif within the taxable year.” The statute is silent as to how or where or in what manner they are to be charged off. If no books are kept, where is the charge-off to be made? If books are kept, must it be done by an entry on the books ? Here it is conceded that books were kept and that no charge-off was made thereon until 1924 when the entry was made as of 1919. This entry, made several years after the taxable year involved, and after the books for that year had been closed, seems to us clearly insufficient to meet the requirements of the statute. The only other act to consider was the elimination of the account from the financial statement. While this was first done in 1919, it would seem that under some circumstances a charge-off in a prior year may satisfy the statute, since in such case nothing remains to be charged off within the taxable year. See Appeal of Mason Machine Works Co., 3 B. T. A. 145.
The purpose of the statute appears to be to require that some record be made of the ascertainment of worthlessness. An interpretation of the statute which would deny any deduction except when a charge-off was made upon books of account within the limits of the calendar year, especially when it is considered that closing entries are not usually made until after the close of the year, would work a hardship which we can not believe was intended or is required and would attach to acts which are merely clerical an importance as great as is to be given to the substance of the situation. The statute must be given a reasonable interpretation, if possible. Clearly it was the intent that a deduction should be allowed for worthless debts in the year in which worthlessness was ascertained and that the charging off of the debt might take other forms than entries on the books of the taxpayer. Milling Moore Mercantile Co. v. Commissioner, 5 B. T. A. 1060. We are of the opinion that the petitioner met the requirements of the statute when he eliminated the account from his financial statements and that he is entitled to the deduction in 1920.

Decision will be entered on 10 days notice, v/nder Rule 50,